UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CARLOS PEREZ,

        Plaintiff,

   -against-

SGT. DAVID FILIGHERA,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendant, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was incarcerated at Collins Correctional Facility, in Collins, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Defendant was and is a citizen of the State of New York.

4. That at all times herein mentioned, Defendant was and is employed by DOCCS as a correction sergeant at Collins.

5. That at all times herein mentioned, Defendant was acting within the course and scope of his employment as a DOCCS correction sergeant at Collins.

6. That at all times herein mentioned, Defendant was acting under color of state law.

7. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

8. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

9. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

10. That on or about September 16, 2022, inside Collins, Plaintiff was involved in a verbal dispute with prison staff over an order that he be transferred to a different housing unit in the facility.

11. That in response to what prison staff perceived to be Plaintiff's refusal to comply with a direct order regarding transferring Plaintiff to a different housing unit, Plaintiff was escorted by prison staff to the prison's Special Housing Unit (SHU), and then to an Observation Unit (OBS) at Collins.

12. That following this escort, Plaintiff was assaulted and battered by several correction officers, whose identities are unknown to Plaintiff.

13. That the assault and battery included, but was not limited to, punching and kicking Plaintiff multiple times in the body, including while Plaintiff was handcuffed.

14. That Defendant was present, and supervised Plaintiff's assailants, during the assault and battery.

15. That the assault and battery was condoned, instigated, and orchestrated, at least in part, by Defendant.

16. That Defendant also observed Plaintiff being assaulted and battered, had multiple opportunities to intervene to prevent and/or stop the assault and battery, but intentionally and deliberately failed and refused to do so.

17. That Defendant's actions were sadistic and malicious in nature, and not undertaken in a good-faith attempt to maintain or restore order.

18. That as a result of the foregoing, Plaintiff sustained multiple injuries, including but not limited to multiple fractures of the ribs and multiple fractures of the spine, endured and will continue to endure pain and suffering and loss of enjoyment, of life, and was otherwise damaged.

**FIRST CAUSE OF ACTION**
**(42 USC § 1983: Eighth Amendment)**

19. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

20. That the aforementioned conduct by Defendant was in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

21. That as a result thereof, Plaintiff is entitled to recover damages from Defendant pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory damages in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, and Plaintiff also seeks

attorney's fees against Defendant pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        September 4, 2025

                                                                       Yours, etc.
Sivin, Miller & Roche LLP

By *David Roche*
   David Roche
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300